UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

In re: )
) Case No. 22-11771
Lee A. Chetty, II ) Chapter 7
)
Debtor. )

_____

Lee A. Chetty, II )
)
Plaintiff. )
)
vs. ) Adversary No.
)
Nelnet, )
U.S. Department of Education )
)
Defendant(s). )
_____ )

## COMPLAINT

Plaintiff, Lee A. Chetty, II, representing himself in this matter, files this complaint pursuant to 11 U.S.C.S. § 523(a)(8), in support of discharge student loan debt in bankruptcy and alleges the following in support of requested relief:

## JURISDICTION

1. This is an adversary proceeding in which plaintiff is seeking relief from undue hardship discharge of student loan debt.

2. This Court has jurisdiction pursurant to 28 U.S.C. §§ 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157, and 11 U.S.C.S. § 523(a)(8).

4. Plaintiff has standing to bring this action pursuant to 11 U.S.C.S. § 523(a)(8).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a) of the United States Bankruptcy Court

1

for the Eastern District of Pennsylvania.

## BACKGROUND FACTS

6. Plaintiff attended college at University of Phoenix in 2009 for only two (2) months before withdrawing. University of Phoenix admission staff forced Plaintiff to sign up even when Plaintiff was undecided. After withdrawing, Plaintiff incurred a balance with the U.S. Department of Education and could not afford to make payments. Plaintiff has not had a steady job until at least 2016 and in 2014, Plaintiff filed Bankruptcy, but Plaintiff's lawyer in said case failed to mention that Plaintiff could file to discharge student loan debt in a adversary proceeding.

7. December 16, 2020, Plaintiff was sentenced to the Pennsylvania Department of Corrections to six (6) and half years to twenty (20) years and has no way to repay incurred debt and suffers from severe depression, ADHD and arthritis in his fingers that prevents Plaintiff from working [1]. Plaintiff also has one dependent that relies on Plaintiff. Plaintiff's sentence maxium ends on Feburary 12, 2030 and even if parole is possible, finding a job as a parolee with mental conditions will be a hardship.

## COUNT 1

## STUDENT LOAN DEBT RELIEF

8. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 6 through 7.

9. In the Brunner Test as articulated by the Second Circuit, provides that a student loan will be discharged for undue hardship if the debtor establishes the following: (1) The debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for hisself and

---

[1] Department of Corrections holds Plaintiff's medical records, which Plaintiff does not have access to and PADOC will not release medical records without a Court Order.

2

his dependents if forced to re-pay the loans; (2) that addtional circumstances exisit indicating that this state of affairs is likely to persist even after his incarceration. Brunner, 831 F.2d at 396. Under the totality of the circumstances test, the Court must exaime the debtors current income and expenses as well as prospects for earned and unearned income to "determine if the debtor can maintain a house while paying the student loan obligation." Kopf, 245 B.R. At 740.

WHEREFORE, the Plaintiff, Lee A. Chetty, II, respectfully request(s) that the Court discharge the student loan(s) based upon undue hardship, prison incarceration and mental issues and pursuant to 11 U.S.C.S. § 523(a)(8) I meet these obligations and for such and further relief the Court deems appropriate.

RESPECTFULLY SUBMITTED

/S/ SIGNATURE
Lee A. Chetty, II QF7802
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931

9-3-2024